```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
TIFFANI JOHNSON,

                    Plaintiff,
                                            MEMORANDUM AND ORDER
            - against -
                                            11 Civ. 7909 (NRB)
IAC/INTERACTIVE CORP. and Connected
Ventures,

                    Defendants.
------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Final judgment in this action having been entered in favor of defendants, the Clerk of Court taxed $4,282.25 in costs against plaintiff Tiffani Johnson. Johnson now moves to disallow this taxation of costs, arguing principally that defendants: (1) are not entitled to costs because they were not prevailing parties within the meaning of Fed. R. Civ. P. 54(d)(1); (2) are not entitled to costs of several deposition transcripts because the transcripts were ordered for defendants' mere convenience or were not used by the Court; and (3) should not be awarded costs in light of Johnson's financial condition. For the reasons stated herein, we deny Johnson's motion and allow the Clerk's calculation of costs to stand.

## BACKGROUND[1]

In the underlying action, Johnson alleged that defendants engaged in racial discrimination culminating in her termination from employment, subjected her to a hostile work environment, and undertook unlawful retaliation against her, in violation of 42 U.S.C. § 1981 ("Section 1981") and the New York City Human Rights Law ("NYCHRL").  After discovery, defendants moved for summary judgment on all claims.  In a Memorandum and Order dated February 24, 2014 (the "Summary Judgment Opinion"), we granted defendants' motion insofar as we dismissed the Section 1981 claims with prejudice.  Having dismissed the only federal-law claims, we declined to exercise supplemental jurisdiction over the remaining NYCHRL claims, and thus dismissed them without prejudice.  Johnson subsequently commenced an NYCHRL action against defendants in state court.  Coyne Ltr. at 1 & Encl.; Parker Ltr. at 1.

In the meantime, after final judgment was entered in this Court, defendants sought costs in the amount of $4,782.75.  This

---

[1]   The facts material to this motion are undisputed, with the exception of the amount of Johnson's indebtedness, as to which we give her the benefit of the doubt.  The facts recited here are drawn from the Declaration of Tiffani Johnson in Support of Motion to Disallow Taxation of Costs ("Johnson Decl."), filed March 27, 2014, and the exhibits thereto; Defendants' Opposition to Plaintiff's Motion to Disallow Costs ("Defs. Br."), filed April 14, 2014; the Declaration of Shelby A. Silverman, Esq., in Opposition to Plaintiff's Motion to Disallow Costs ("Silverman Decl."), filed April 14, 2014, and the exhibits thereto; the Reply Declaration of Tiffani Johnson in Support of Motion to Disallow Taxation of Costs ("Johnson Reply Decl."), filed April 24, 2014, and the exhibits thereto; the letter of Michele A. Coyne ("Coyne Ltr."), dated August 28, 2014, and the enclosure thereto; and the letter of Sandra D. Parker ("Parker Ltr."), dated September 2, 2014.

was the amount billed by court reporters for transcripts of the depositions of Johnson and five of defendants' employees, each of which defendants had cited in support of their motion for summary judgment.  Silverman Decl. Ex. 1 Ex. B.

Johnson objected to defendants' bill of costs, and a Judgment Clerk of this Court held a hearing.  The Judgment Clerk noted that although local rules only permit an original deposition transcript plus one copy to be taxed as costs, the invoice for the Johnson deposition stated that an original transcript plus two copies had been provided.  Defs. Br. at 2 n.1.  Therefore, the Judgment Clerk disallowed one-third of the cost of the Johnson transcript, or $500.50, and allowed costs in the remaining amount of $4,282.25.  Silverman Decl. Ex. 1 Ex. B; id. Ex. 3.

Johnson then moved, pursuant to Fed. R. Civ. P. 54(d)(1), to disallow the taxation of costs.  In support of her contention that taxing costs against her would cause financial hardship, Johnson submitted two declarations and numerous exhibits that show, inter alia, that she has at least tens of thousands of dollars, and perhaps over $120,000, in student debt, which she is behind on repaying and which has been the subject of collection litigation; that she was unemployed for one year after defendants terminated her employment; that she was then employed part-time from June 2012 to March 2013 at a wage of

$17.50 per hour; and that she has been employed as a full-time "free lance worker" since March 2013 at a wage of $37.50 per hour.  Johnson Decl. ¶¶ 7-9 & Exs. 3-5; Johnson Reply Decl. ¶¶ 10, 13 & Exs. 16-18.[2]

### DISCUSSION

The Federal Rules of Civil Procedure provide that, as a general matter, "costs--other than attorney's fees--should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1). This provision "codifies a venerable presumption"--derivative of a "'universally recognized rule of the common law'"--"that prevailing parties are entitled to costs."  Marx v. General Revenue Corp., 133 S. Ct. 1166, 1172 & n.3 (2013) (quoting Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 387 (1884)). But although "an award [of costs] against the losing party is the normal rule obtaining in civil litigation, not an exception," Whitfield v. Scully, 241 F.3d 264, 270 (2d Cir. 2001), "the decision whether to award costs ultimately lies within the sound discretion of the district court."  Marx, 133 S. Ct. at 1172.

Exercising our independent judgment on the taxation of costs, see Whitfield, 241 F.3d at 269, we find no merit in Johnson's contentions that the Clerk of Court erred in

---

[2] Although we have reviewed all of Johnson's submissions concerning her financial condition, we see no need to recite any further details.

4

calculating taxable costs, and we decline to exercise our discretion to disallow those costs.

## I. Defendants Are the Prevailing Parties

Johnson first argues that because we dismissed her NYCHRL claims without prejudice, leaving her free to pursue them in state court, defendants are not the prevailing parties. We disagree.

Rule 54(d) permits the taxation of costs only in favor of prevailing parties. Within the meaning of Rule 54(d), "for a party to be 'prevailing,' there must be a 'judicially sanctioned change in the legal relationship of the parties.'" Dattner v. Conagra Foods, Inc., 458 F.3d 98, 101 (2d Cir. 2006) (quoting Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Resources, 532 U.S. 598, 605 (2001)). A defendant may prevail by winning "a judgment on the merits," Mr. L. v. Sloan, 449 F.3d 405, 406 (2d Cir. 2006), which alters the legal relationship of the parties in that it "immunize[s] [the] defendant from the risk of further litigation on the merits of a plaintiff's claims," Dattner, 458 F.3d at 103.

Furthermore, a prevailing party "need not have been successful on every claim in the litigation." Vuona v. Merrill Lynch & Co., No. 10 Civ. 6529 (PAE), 2013 WL 1971572, at *2 (S.D.N.Y. May 14, 2013). The principle that a "claimant who has obtained some relief usually will be regarded as the prevailing

party even though he has not sustained all his claims" applies likewise to a defendant.  Id. (quoting Hamptons Locations, Inc. v. Rubens, No. 01 Civ. 5477 (DRH), 2010 WL 3522808, at *4 (E.D.N.Y. Sept. 2, 2010)).  Thus, "when a court grants a defendant summary judgment on the plaintiff's federal claims and dismisses the state law claims for lack of subject matter jurisdiction, the defendant is a prevailing party and, therefore, entitled to costs."  Vuona, 2013 WL 1971572, at *3 (quoting Tirapelli v. Advanced Equities, Inc., 222 F. Supp. 2d 1081, 1083 (N.D. Ill. 2002)).

Here, we granted summary judgment to defendants on the only claims whose merits we reached.  In dismissing Johnson's NYCHRL claims without prejudice, we did not grant her any relief.  Thus, defendants are the prevailing parties within the meaning of Rule 54(c).

## II. The Deposition Transcripts Were Both Necessary and Used by the Court

Johnson next contends that five of the deposition transcripts were not necessary, but merely ordered for the convenience of defendants' counsel, and that four of those transcripts were not used by the Court in ruling on the summary judgment motion.

The Court has statutory authority under 28 U.S.C. § 1920, which enumerates the categories of taxable costs, to tax

6

"deposition expenses, when necessarily incurred for use of the deposition in the case." Whitfield, 241 F.3d at 270. The local rules of this Court provide that "the original transcript of a deposition, plus one copy, is taxable if the deposition was used or received in evidence at the trial. . . . Costs for depositions are also taxable if they were used by the Court in ruling on a motion for summary judgment or other dispositive substantive motion." Local Civ. R. 54.1(c)(2).

Johnson argues that copies of the transcripts of the five employee depositions were mere "convenience items," and thus not taxable, because defendants' counsel could have photocopied the original transcripts when they were sent to counsel for the witnesses to review. Not only would Johnson's position involve the Court in undermining the traditional fee structure of court reporters, it is contrary to Local Rule 54.1(c)(2). Under that rule, which permits a prevailing party to recover costs for a deposition transcript and one copy, it is irrelevant whether the prevailing party "could have copied the transcripts that [the opponent] sent to [the party] for his review," India.com, Inc. v. Dalal, No. 02 Civ. 111 (DLC), 2010 WL 2758567, at *3 (S.D.N.Y. July 13, 2010), or otherwise "could have obtained a 'free' copy of the deposition transcript," Gabel v. Richards Spears Kibbe & Orbe LLP, No. 07 Civ. 11031 (CM), 2009 WL 4037176, at *2 (S.D.N.Y. Nov. 17, 2009). Johnson has not

7

suggested, nor would there be a basis to find, that the court reporters' charges included fees for unnecessary premium services.[3]

Johnson also argues that because our Summary Judgment Opinion cited only two of the six depositions, the others were not "used by the Court" within the meaning of Local Rule 54.1(c)(2).  However, "[a] district court that rules on a motion for summary judgment must 'use' a filed deposition transcript to determine whether there is any genuine issue as to any material fact."  Whitfield, 241 F.3d at 272.  Thus, deposition costs are taxable where the transcripts are submitted to the court to consider in connection with a motion for summary judgment, even if the court's written decision does not expressly refer to the transcript.  See id. at 270.

Here, defendants submitted excerpts of the six depositions in support of their motion for summary judgment, and they relied on each in their Local Rule 56.1 statement of undisputed facts.  Furthermore, Johnson herself cited each of these depositions in her Local Rule 56.1 counterstatement.   Lest there be any misunderstanding, our conclusion that that there was "no genuine dispute as to any material fact and the [defendants were] entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a),

---

[3] We see no relevance to Johnson's observation that counsel agreed to "waive" filing of the deposition transcripts with the Court.  Indeed, depositions "must not be filed until they are used in the proceeding or the court orders filing."  Fed. R. Civ. P. 5(d)(1).

8

on the Section 1981 claims was based on our consideration of all of the parties' submissions in connection with the motion for summary judgment.

In sum, the costs of the deposition transcripts were necessarily incurred and used by the Court, and thus were taxable.

### III. Johnson's Financial Circumstances Do Not Warrant Discretionary Relief from Costs

The Court may, in its discretion, decline to award costs to a prevailing party on the basis of the "losing party's limited financial resources." Whitfield, 241 F.3d at 270. However, even "indigency per se does not automatically preclude an award of costs." Id. "If relying on the losing party's financial circumstances, the non-prevailing party must make a strong showing of financial hardship." Sims v. City of New York, No. 08 Civ. 5965 (JGK), 2011 WL 4801363, at *3 (S.D.N.Y. Oct. 11, 2011) (quoting Perks v. Town of Huntington, No. 99 Civ. 4811 (JS), 2008 WL 8091034, at *4 (E.D.N.Y. Mar. 31, 2008)).

As summarized above, Johnson has provided a detailed description, accompanied by substantial documentary support, of her financial condition. To the extent that defendants challenge its accuracy, we give Johnson the benefit of the doubt. However, we note that Johnson, who did not seek to proceed in forma pauperis, "has financial means well above that

of indigent parties--against whom costs are routinely taxed," DeJesus v. Starr Technical Risks Agency, Inc., No. 03 Civ. 1298 (RJH), 2005 WL 957389, at *2 (S.D.N.Y. Apr. 25, 2005). Although Johnson's income in the aftermath of her termination from employment was limited, and she remains burdened by substantial student debt, her financial condition appears to have turned a corner. By her own account, Johnson now earns enough to meet her expenses, and her current income well exceeds this region's average.[4] We conclude that Johnson has not made a sufficiently strong showing of financial hardship to establish that taxation of costs is unwarranted.[5]

## CONCLUSION

For the foregoing reasons, we find no error in the Clerk of Court's calculation of taxable costs, and we decline to exercise our discretion to disallow costs on the basis of Johnson's financial circumstances. Johnson's motion to disallow taxation of costs is denied, and the bill of costs entered by the Clerk

---

[4] According to the Bureau of Labor Statistics, in the New York-Northern New Jersey-Long Island Metropolitan Statistical Area, which includes New York City, the median hourly wage in May 2013 was $20.80 and the mean was $27.89. See http://www.bls.gov/oes/current/oes_35620.htm (last visited Oct. 8, 2014).

[5] We also note that Johnson's financial condition is not as precarious as that of the parties described in the decisions to which she directs our attention. See Hozer v. Pratt Industries (USA), Inc., No. 10 Civ. 3874 (TLM), 2012 WL 3957915, at *2 (E.D.N.Y. Aug. 7, 2012); Edward v. Brookhaven Science Associates, LLC, No. 03 Civ. 6123 (ADS), 2006 WL 3497861, at *2 (S.D.N.Y. Dec. 4, 2006); Belkiaris v. United States, No. 96 Civ. 302 (MGC), 1998 WL 734362, at *1 (S.D.N.Y. October 20, 1998). In a fourth case on which Johnson relies, the court did not state the basis for its conclusion that awarding costs would cause financial hardship. See Figueroa v. City of New York, No. 00 Civ. 7559 (SAS), 2005 WL 883533, at *1 (S.D.N.Y. Apr. 14, 2005).

of Court shall stand.  This Memorandum and Order resolves Docket No. 42.


Dated:     New York, New York
           October 8, 2014

                                        *[signature]*
                                        NAOMI REICE BUCHWALD
                                        UNITED STATES DISTRICT JUDGE

11

Copies of the foregoing Memorandum and Order have been mailed on this date to the following:

**Attorney for Plaintiff**

Sandra D. Parker, Esq.
Law Office of Sandra D. Parker
444 Madison Avenue, Suite 502
New York, NY 10022

**Attorneys for Defendants**

Michele A. Coyne, Esq.
Shelby A. Silverman, Esq.
Kauff McGuire & Margolis LLP
950 Third Avenue, 14th Floor
New York, NY 10022